# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SHAKEISHA SPICER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-cv-3181 |
| § | |
| EQUIFAX INFORMATION § | With Jury Demand Endorsed |
| SERVICES LLC AND § | |
| NATIONSTAR MORTGAGE LLC § | |
| § | |
| Defendants. § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Shakeisha Spicer ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

## I. INTRODUCTION

1. One of the Defendant, Equifax Information Services LLC is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage, LLC, is also liable under 12 U.S.C. § 2601 *et seq.*, known as the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief,

legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Shakeisha Spicer, is a natural person residing in Los Angeles County, California, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit

information to consumer reporting agencies.

5. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

### III.  JURISDICTION AND VENUE

6. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7. Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8. Venue is further proper in this District, because Equifax entered into agreements with

Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from Equifax or other Credit Reporting Agencies as part of their reinvestigation were submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. The majority of this FCRA action revolves around recent communication with Nationstar Mortgage, Inc. including investigating Nationstar's ongoing reporting and investigation of Plaintiff's mortgage account with Nationstar.

## IV.  FACTUAL ALLEGATIONS

### Background Information for Plaintiff's Nationstar Mortgage

9. In or around January of 2007, Plaintiff secured a mortgage for her primary residence with Bank of America.

10. Sometime in July 2013, Plaintiff's mortgage was transferred, purchased, sold to, or otherwise acquired by Defendant Nationstar.

11. On or around May 23, 2018, Plaintiff filed for Chapter 13 Bankruptcy.

12. Sometime in July of 2019, a motion to dismiss was filed because "the Debtor has failed to produce full and complete copies of all Federal & State Income Tax Returns for the Trustee's inspection and review, along with copies of the most recent forms W-2 and/or 1099, and a recent paystub if employed." Therefore, the motion was granted, and Plaintiff's bankruptcy was dismissed.

### Credit Reporting

13. Sometime in July 2019, Plaintiff pulled her Equifax credit report and noticed that it was not accurate.

14. A redacted copy of Plaintiff's Equifax credit report is attached hereto as Exhibit "A"

and incorporated in by reference.

15. Within the Equifax credit report, Plaintiff noticed that her Nationstar payments were marked as late starting in 2017.

## Credit Reporting Dispute Letters and Reinvestigation Requests

16. On or about November 19, 2019, Plaintiff sent a direct dispute to Equifax. The dispute requested that Equifax investigate the reporting of the Nationstar mortgage account. Plaintiff requested that under the FCRA, Equifax conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the Nationstar mortgage account.

17. Equifax failed to respond to Plaintiff's dispute letter.

18. On or about April 10, 2020, Plaintiff sent a second direct dispute to Equifax. Again, Equifax failed to respond.

19. Redacted copies of the USPS tracking receipts for Plaintiff's dispute letters to Equifax, are attached hereto as Exhibits "B" and "C" and incorporated herein by reference.

20. Equifax failed to conduct a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline because in Plaintiff's dispute she showed that she made timely payments to Nationstar on an active mortgage loan and sufficiently explained the circumstances around Nationstar's inaccurate reporting of late payments.

21. Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

22. Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not

evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar reporting lines.

23. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax failed to follow reasonable procedures to assure accuracy, failed to conduct a reasonable reinvestigation, failed to notice Nationstar of the dispute, and they both failed to conduct a lawful investigation.

## Qualified Written Request for Information

24. On or about March 31, 2020, Plaintiff sent as a "notice of error" and "request for information" under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36 directly to Nationstar, as the mortgage servicer. The notice of error requested that Nationstar investigate the payment history, accounting, and the reporting of its mortgage account to the major credit reporting agencies.

25. Nationstar failed to respond to Plaintiff's "notice of error" and/or "request for information".

26. On or about April 10, 2020, Plaintiff sent a second "notice of error" and "request for information" under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36 directly to Nationstar. Again, Nationstar failed to respond.

27. Redacted copies of the USPS tracking receipts for Plaintiff's "notice of error" letters to Nationstar, are attached hereto as Exhibits "D" and "E" and incorporated herein by reference.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

28. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

29. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

30. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

31. Equifax knew or should have known of Plaintiff's loan history and accurate payment history and, yet Equifax continued to prepare a patently false consumer report concerning Plaintiff.

32. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

33. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

34. Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In

the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

35. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

36. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

37. Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

38. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681s-2(b))**

41. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

42. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

43. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### Count IV – NATIONSTAR'S VIOLATIONS OF THE RESPA
### (12 U.S.C. §2605(e))

45. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

46. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

47. Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's Qualified Written Requests and/or Notice of Errors and correct the account accordingly. Instead, Nationstar left the account riddled with errors.

48. Nationstar further violated § 2605(e) by failing to timely respond under subsections (2) and (4).

49. Nationstar's failure to conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, or even respond in a timely manner as required under the RESPA, has proximately caused Plaintiff damages.

50. Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

51. Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

### VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

52.  Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority,

through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

53.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

54.     Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

55.     The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

56.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

57.     Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

58.     Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

59.     Nationstar has negligently and/or willfully violated various provisions of the RESPA and are thereby liable unto Plaintiff.

60.     Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in her attempt to refinance her mortgage, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Shakeisha Spicer, prays that this Honorable Court:

    A.    Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

    B.    Enter Judgment in favor of Plaintiff and against Defendant Nationstar Mortgage LLC, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security

for Defendant Nationstar's violations of the RESPA, applicable state law, and common law

   C. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

   D. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

   E. Order that Equifax Information Services LLC and Defendant Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

   F. Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

*[Signature on the following page]*

Date: October 19, 2020

                                Respectfully submitted,

                                */s/ Matthew P. Forsberg*
                                Matthew P. Forsberg
                                TX State Bar Number 24082581
                                Matt@FieldsLaw.com
                                FIELDS LAW FIRM
                                9999 Wayzata Blvd.
                                Minnetonka, Minnesota 55305
                                (612) 383-1868 (telephone)
                                (612) 370-4256 (fax)

                              **LAW OFFICE OF JONATHAN A. HEEPS**

                              /s/ *Jonathan A. Heeps* .
                              Jonathan A. Heeps
                              State Bar No. 24074387
                              LAW OFFICE OF JONATHAN A. HEEPS
                              Post Office Box 174372
                              Arlington, Texas 76003
                              Telephone (682) 738-6415
                              Fax (844) 738-6416
                              jaheeps@heepslaw.com

                              COUNSEL FOR PLAINTIFF

## **JURY DEMAND**

      Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| <u>October 19, 2020</u> | <u>*/s/ Matthew P. Forsberg*</u> |
| Date | Matthew P. Forsberg |